FILED

11-18-2010

NOV 1 8 2010 NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS     JUDGE GETTLEMAN
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **10 CR 980** |
| | ) | |
| v. | ) | |
| | ) | Violations: Title 18, United States Code, |
| SVETOSLAV P. GUEORGUIEV, | ) | Section 1344 |
| also known as "Nikolay P. Gueorguiev" | ) | |

### COUNT ONE          MAGISTRATE JUDGE KEYS

The SPECIAL AUGUST 2009-2 GRAND JURY charges:

1.     At times material to this Indictment:

    a.     The following entities (the "Financial Institutions") were financial institutions:

        i.     Alliant Credit Union ("Alliant"), the deposits of which were insured by the National Credit Union Share Insurance Fund;

        ii.     up2drive, a division of BMW Bank of North America, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"); and

        iii.     State Farm Bank, the deposits of which were insured by the FDIC.

    b.     VOB Auto Sales ("VOB Auto Sales–Maryland") was a car dealership located in Rockville, Maryland.

2.     Beginning no later than on or about April 20, 2009 and continuing until at least on or about May 19, 2009, in the Northern District of Illinois, Eastern Division, and elsewhere,

SVETOSLAV P. GUEORGUIEV,
also known as "Nikolay P. Gueorguiev,"

defendant herein, knowingly devised and participated in a scheme to defraud a financial institution and to obtain moneys, funds and credits owned by and under the custody and control of a financial

institution by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described in the following paragraphs.

3.     It was part of the scheme that, on or about April 20, 2009, GUEORGUIEV caused VOB Auto Sales Ltd. to be registered as an Illinois corporation, with GUEORGUIEV as its registered agent and principal.

4.     It was further part of the scheme that, on or about April 24, 2009, GUEORGUIEV caused a checking account in the name of VOB Auto Sales Ltd., of which he was a signatory, to be opened at Charter One Bank (the "Charter One Account").

5.     It was further part of the scheme that, on or about April 24, 2009, GUEORGUIEV caused a checking account in the name of VOB Auto Sales Ltd., of which he was a signatory, to be opened at U.S. Bank (the "U.S. Bank Account").

6.     It was further part of the scheme that GUEORGUIEV submitted a car loan application to each of the Financial Institutions.

7.     It was further part of the scheme that, in connection with the car loan applications, GUEORGUIEV submitted to the Financial Institutions false and fabricated documents intended to deceive the Financial Institutions into believing that GUEORGUIEV would use loan proceeds to purchase particular cars in the inventory of VOB Auto Sales–Maryland, when, as defendant knew, he did not intend and had made no arrangement to purchase such cars.

8.     It was further part of the scheme that, on or about May 8, 2009, GUEORGUIEV submitted to Alliant a fabricated "Purchase Order" and "Receipt for Downpayment" falsely stating and purporting to show that GUEORGUIEV had agreed to purchase, from VOB Auto Sales Ltd. in Rockville, Maryland, a 2008 5 Series BMW with vehicle identification number

2

WBANV93518C131237, when, as defendant knew, he did not intend and had made no agreement to purchase such car.

9.    It was further part of the scheme that, on or about May 11, 2009, GUEORGUIEV submitted to up2drive a fabricated "Bill of Sale" falsely stating and purporting to show that GUEORGUIEV had agreed to purchase, from VOB Auto Sales in Rockville, Maryland, a 2008 5 Series BMW with vehicle identification number WBANV93518C131237, when, as defendant knew, he did not intend and had made no agreement to purchase such car.

10.    It was further part of the scheme that, between approximately May 14, 2009 and May 18, 2009, GUEORGUIEV submitted to State Farm Bank a Vehicle Loan Application and a Promissory Note and Security Agreement falsely stating that the loan would be used to purchase from VOB Auto Sales Ltd. a 2008 BMW 335I with vehicle identification number WBAVB77598NM05571, when, as defendant knew, he did not intend and had made no agreement to purchase such car.

11.    It was further part of the scheme that, by submitting documents falsely stating and purporting to show that the car loans would be used to purchase particular cars, GUEORGUIEV fraudulently induced the Financial Institutions to approve car loans and dispense loan proceeds in the form of checks.

12.    It was further part of the scheme that, rather than use the loan proceeds to purchase cars, as GUEORGUIEV had represented in connection with the loan applications, GUEORGUIEV caused the loan proceeds to be deposited into the Charter One Account or the U.S. Bank Account. GUEORGUIEV then accessed the loan proceeds by withdrawing funds from, and writing checks drawn on, those accounts.

3

13. It was further part of the scheme that GUEORGUIEV fraudulently obtained and converted to his own use not less than approximately $114,667.60 in car loan proceeds.

14. It was further part of the scheme that GUEORGUIEV did misrepresent, conceal, hide and cause to be misrepresented, concealed and hidden acts done in furtherance of the scheme and the purpose of those acts.

15. On or about May 11, 2009, at Schaumburg, in the Northern District of Illinois, Eastern Division,

SVETOSLAV P. GUEORGUIEV,
also known as "Nikolay P. Gueorguiev,"

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing check number 336232 in the amount of $44,667.60, issued by Alliant, to be deposited into the Charter One Account;

In violation of Title 18, United States Code, Section 1344.

4

## COUNT TWO

The SPECIAL AUGUST 2009-2 GRAND JURY further charges:

1.     Paragraphs 1 through 14 of Count One of this Indictment are incorporated here.

2.     On or about May 14, 2009, at Rolling Meadows, in the Northern District of Illinois, Eastern Division,

SVETOSLAV P. GUEORGUIEV,
also known as "Nikolay P. Gueorguiev,"

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing check number 212533 in the amount of $50,000, issued by up2drive, to be deposited into the U.S. Bank Account;

In violation of Title 18, United States Code, Section 1344.

## COUNT THREE

The SPECIAL AUGUST 2009-2 GRAND JURY further charges:

1.      Paragraphs 1 through 14 of Count One of this Indictment are incorporated here.

2.      On or about May 19, 2009, at Schaumburg, in the Northern District of Illinois, Eastern Division,

SVETOSLAV P. GUEORGUIEV,
also known as "Nikolay P. Gueorguiev,"

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing check number 926205 in the amount of $20,000, issued by State Farm Bank, to be deposited into the Charter One Account;

In violation of Title 18, United States Code, Section 1344.

## COUNT FOUR

The SPECIAL AUGUST 2009-2 GRAND JURY further charges:

1.       At times material to this Indictment:

a.       The following banks were financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation:

i.       American Chartered Bank, located in Schaumburg, Illinois and elsewhere;

ii.       Charter One Bank, located in Hoffman Estates, Illinois and elsewhere;

iii.       U.S. Bank, located in Rolling Meadows, Illinois and elsewhere.

b.       Defendant SVETOSLAV P. GUEORGUIEV, also known as "Nikolay P. Gueorguiev," was president of Traditional Stucco, Inc. ("Traditional Stucco"), an Illinois corporation with an address in Hoffman Estates, Illinois.

c.       GUEORGUIEV was principal of VOB Auto Sales Ltd., an Illinois corporation with an address in Hoffman Estates, Illinois.

d.       GUEORGUIEV was authorized to sign checks on, and make deposits to, a checking account at American Chartered Bank in the name of Traditional Stucco.

e.       GUEORGUIEV was authorized to sign checks on, and make deposits to, a checking account at Charter One Bank in the name of VOB Auto Sales Ltd.

f.       GUEORGUIEV was authorized to sign checks on, and make deposits to, a checking account at U.S. Bank in the name of VOB Auto Sales Ltd.

7

2.     Beginning no later than on or about May 27, 2009 and continuing until at least on or about July 6, 2009, in the Northern District of Illinois, Eastern Division, and elsewhere,

SVETOSLAV P. GUEORGUIEV,
also known as "Nikolay P. Gueorguiev,"

defendant herein, knowingly devised and participated in a scheme to defraud a financial institution, which scheme is further described in the following paragraphs.

3.     It was part of the scheme that GUEORGUIEV caused a series of checks made payable to himself, VOB Auto Sales Ltd., Traditional Stucco, and others to be written and drawn on accounts at American Chartered Bank, Charter One Bank, U.S. Bank and other financial institutions, knowing in each case that the balance in the account was insufficient to cover the check.

4.     It was further part of the scheme that GUEORGUIEV caused each such check to be deposited into an account at a financial institution. GUEORGUIEV caused these deposits to be made for the purpose of creating false inflated balances so that the banks where he made the deposits (including American Chartered Bank, Charter One Bank, and U.S. Bank) would be deceived into honoring and paying the deposited checks.

5.     It was further part of the scheme that GUEORGUIEV did misrepresent, conceal, hide and cause to be misrepresented, concealed and hidden acts done in furtherance of the scheme and the purpose of those acts.

8

6.    On or about July 1, 2009, at Schaumburg, in the Northern District of Illinois, Eastern Division,

SVETOSLAV P. GUEORGUIEV,
also known as "Nikolay P. Gueorguiev,"

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing a check to be deposited into an account at American Chartered Bank knowing that there were insufficient funds available to cover such check, namely, check number 1005 in the amount of $7,450, drawn on an account at Charter One Bank in the name of VOB Auto Sales Ltd. and deposited into an account at American Chartered Bank in the name of Traditional Stucco, Inc.;

In violation of Title 18, United States Code, Section 1344.

## COUNT FIVE

The SPECIAL AUGUST 2009-2 GRAND JURY further charges:

1.     Paragraphs 1 through 5 of Count Four of this Indictment are incorporated here.

2.     On or about July 1, 2009, at Rolling Meadows, in the Northern District of Illinois, Eastern Division,

### SVETOSLAV P. GUEORGUIEV,
also known as "Nikolay P. Gueorguiev,"

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing a check to be deposited into an account at U.S. Bank knowing that there were insufficient funds available to cover such check, namely, check number 1006, in the amount of $4,700, drawn on an account at Charter One Bank in the name of VOB Auto Sales Ltd. and deposited into an account at U.S. Bank in the name of VOB Auto Sales Ltd.;

In violation of Title 18, United States Code, Section 1344.

## FORFEITURE ALLEGATION

The SPECIAL AUGUST 2009-2 GRAND JURY further charges:

1.     Counts One through Five of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2.     As a result of the violations of Title 18, United States Code, Section 1344, as alleged in Counts One through Five of this Indictment,

SVETOSLAV P. GUEORGUIEV,
also known as "Nikolay P. Gueorguiev"

defendant herein, has subjected to forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), all property constituting, or derived from, proceeds defendant obtained, directly or indirectly, as the result of such violations, including but not limited to at least approximately $164,667.60.

3.     Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), if any of the property or funds described above, as a result of any act or omission of defendant:

   a.     cannot be located upon the exercise of due diligence;

   b.     have been transferred or sold to, or deposited with, a third party;

   c.     have been placed beyond the jurisdiction of the Court;

   d.     have been substantially diminished in value; or

   e.     have been commingled with other property which cannot be subdivided without difficulty;

11

it is the intent of the United States to seek forfeiture of substitute property belonging to the defendant;

All pursuant to Title 18, United States Code, Section 982.


A TRUE BILL:


_____
FOREPERSON


_____
UNITED STATES ATTORNEY


12